**Barbara Elliott YEAGER, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2000–SC–0408–KB.**

Supreme Court of Kentucky.

June 15, 2000.

Robert E. Cato, London, for Movant.

Bruce K. Davis, Executive Director, Jay R. Garrett, Kentucky Bar Association, Frankfort, for Respondent.

### OPINION AND ORDER

Movant, Barbara Elliott Yeager, was admitted to the practice of law in this Commonwealth in October of 1991. On February 16, 2000, the Inquiry Commission issued a two-count charge against her alleging violations of SCR 3.130–1.4(b) and SCR 3.130–1.7(b). The facts and circumstances which gave rise to these charges resulted from Yeager's representation of James Sanders.

In 1983, Yeager began a casual romantic relationship with Sanders. In April or May of 1995, they began an exclusive, personal relationship. In March of 1996, Yeager began representing Sanders in his divorce case in Whitley Circuit Court. During this time period, Yeager represented Sanders in various other cases, including real estate matters, debt collection cases, and bankruptcy matters.

In 1998, the personal and professional relationship between Yeager and Sanders ended. At that time, Yeager sent Sanders a legal bill for services she had performed on his behalf as an attorney for the past three years. On November 20, 1998, Yeager sent Sanders a bill for $213.50. On November 23, 1998, Movant sent Sanders a letter in which she enclosed a copy of an attorney's lien in the amount of $47,500.00 that she had filed in the Whitley County Clerk's office. Finally, on January 6, 1999, Movant sent Sanders a letter in which she attached a statement for all of the legal representation that she performed for him from 1996–1998. The amount of the bill was $72,616.00. These were the only bills Yeager provided to Sanders throughout the entire representation. The bills were not provided to him until their personal relationship ended.

In Count I, the Inquiry Commission charged Yeager with a violation of SCR 3.130–1.4(b) for representing Sanders for three years, yet failing to provide Sanders with a written bill or sufficient explanation of the charges resulting from her legal representation of him until after their attorney-client and personal relationship had ended. SCR 3.130–1.4(b)provides that "A lawyer should explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

In Count II of the charge, the Inquiry Commission charged Yeager with violation of SCR 3.130–1.7(b), which provides that "A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) The lawyer reasonably believes the representation will not be adversely affected; and (2) The client consents after consultation."

Yeager denies her conduct constituted a violation of SCR 3.130–1.7(b), but admits her behavior constitutes a violation of SCR 3.130–1.4(b), and requests this Court disci-pline her by publicly reprimanding her. The Bar Association has no objection to Yeager's motion.

Therefore, it is ORDERED that:

1) Movant, Barbara Elliott Yeager, is hereby publicly reprimanded for her violation of SCR 3.130–1.4(b) as set forth above.

2) In accordance with SCR 3.450(1), Movant is directed to pay all costs associated with this disciplinary proceeding against her, said sum being $9.04, and for which execution may issue from this Court upon finality of this order.

All concur.

ENTERED: June 15, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE